UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN ERIC DONE,<br><br>            Plaintiff,<br><br>    v.<br><br>SONOMA COUNTY JUNIOR COLLEGE DISTRICT,<br><br>            Defendant. | Case No. 25-cv-11071-EMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR TRO; DENYING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS; AND DENYING PLAINTIFF'S MOTION TO SEAL**<br><br>Docket Nos. 1, 3 |

Plaintiff Stephen Eric Done, proceeding pro se, has filed suit against Defendant Sonoma County Junior College District ("District"). He asserts that the District violated his due process rights because it terminated his employment based on unsubstantiated accusations. The relief sought is a reinstatement to the job from which he was terminated. Now pending before the Court is Mr. Done's motion for a temporary restraining order ("TRO"). In the motion, Mr. Done asks that he be "temporarily" reinstated to full-time employment.

Having considered the papers filed, the Court hereby **DENIES** the motion for a TRO. First, there is no indication that Mr. Done has given notice of his request for emergency relief to the District; nor has he explained why notice could not or should not have been given.

Second, Mr. Done has failed to establish why he is need of emergency relief. The District terminated his employment more than twenty years ago. Even if Mr. Done did not have a reason to challenge the termination until after he received the "exoneration letter" from the District, that letter still issued more than four years ago (October 2021).

Third, to obtain a TRO, Mr. Done must show that he is likely to succeed on the merits (or that there are at least serious questions going to the merits) and that he is likely to suffer

1   irreparable harm without temporary relief.  *See All. for the Wild Rockies v. Peña*, 865 F.3d 1211,
2   1217 (9th Cir. 2017).  Mr. Done has not established such irreparable injury.  Generally, loss of
3   employment and income therefrom do not constitute irreparable injury.  *See Sampson v. Murray*,
4   415 U.S. 61, 90 (1974) (stating that "the temporary loss of income, ultimately to be recovered,
5   does not usually constitute irreparable injury").  Moreover, because Mr. Done is asking for a
6   mandatory TRO (temporary reinstatement), his request for relief is subject to stricter scrutiny.  *See*
7   *Doe v. Snyder*, 28 F.4th 103, 111 (9th Cir. 2022); *Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1320
8   (9th Cir. 1994); *see also Tom Doherty Assocs. v. Saban Entm't, Inc.*, 60 F.3d 27, 33-34 (2d Cir.
9   1995).  Courts have noted that "interlocutory reinstatement in employment cases should be rare, if
10  that remedy ever is appropriate."  *Shegog v. Board of Educ.*, 194 F.3d 836, 839 (7th Cir. 1999).

11  Second, Mr. Done is unlikely to succeed on the merits because of the statute of limitations.
12  His § 1983 claim has a two-year limitations period.  *See Thomas v. Cnty. of Humboldt*, 124 F.4th
13  1179, 1191 (9th Cir. 2024).  As noted above, Mr. Done was terminated in 2000, and the
14  exoneration letter issued in October 2021.  However, he did not file this lawsuit until December
15  2025.

16  For the foregoing reasons, the Court denies Mr. Done's motion for a TRO.  The Court also
17  **DENIES** Mr. Done's motion to seal his complaint and TRO papers.  Although human resources
18  information can include confidential information, the information at issue here does not warrant
19  sealing.  The Clerk of the Court is directed to ensure that the complaint and TRO papers are
20  publicly filed.  *See* Civ. L.R. 79-5(g)(2) ("When the Court denies a motion to seal, it will
21  determine whether to consider the information sought for sealing and require its public filing,
22  permit its withdrawal without considering the information, or order any other disposition it deems
23  proper.").  Finally, the Court **DENIES** Mr. Done's application to proceed in forma pauperis.  He
24  does not financially qualify.  If Mr. Done wishes to pursue this lawsuit, (1) he must pay the Court
25  filing fee by January 21, 2026, and (2) he must timely serve the summons and complaint on the
26  District.  *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint
27  is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action
28  without prejudice against that defendant or order that service be made within a specified time.  But

if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.").

This order disposes of Docket Nos. 1 and 3.

**IT IS SO ORDERED**.

Dated: December 31, 2025

_____
EDWARD M. CHEN
United States District Judge